IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| HMP Communications, LLC *d/b/a* HMP Omnimedia; <br><br> Plaintiff, <br><br> v. <br><br> JEREMY BOWDEN <br><br> Defendant. | Civil Action No.: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, HMP Omnimedia, LLC ("HMP" or "Plaintiff") brings this complaint ("Complaint") against its former senior executive employee, Jeremy Bowden ("Defendant"), seeking damages and injunctive relief for Defendant's ongoing campaign of unfair competition and calculated attempts to cause harm to HMP's reputation and business interests. After leaving his senior executive role at HMP to start a rival company and engaging in direct acts intended to poach HMP's employees and customers to that effect, Defendant has engaged in additional aggressions against HMP in retaliation for filing an earlier Court action.[1]

Specifically, Defendant directly or indirectly developed a marketing event for his company titled the **"HMP 40TH ANNIVERSARY REUNION"** (the "Infringing Event") and sent solicitations using HMP intellectual property, branding and marks to *hundreds* of HMP's

---

[1] As will be discussed further herein, Plaintiff HMP earlier filed a Complaint on February 3, 2025 in the Eastern District of Pennsylvania, regarding the joint acts of Defendant Bowden and other defendants related to their joint formation of a competitive company, Wound Care Today, USA ("WCT-USA"). *See* HMP Omnimedia, LLC et al v. Wound Care People, LTD et al, Docket No. 2:25-cv-00569-JMY.

1

former and current employees, faculty members, customers, and clients without HMP's consent. Defendant's actions confused HMP employees, faculty members, customers and clients, causing them to reach out to Plaintiff and cause immediate business disruption because Plaintiff's use of HMP's marks misled individuals into believing HMP has sponsored the Infringing Event. By using HMP's name and legacy as a weapon against HMP, Defendant has gone beyond mere competition; he has stolen and misappropriated what is not his to use and is masquerading as the company he no longer serves.

Defendant's misconduct runs the gambit of corporate sabotage and undermines decades of HMP's investment in its people, its brand, and its customers. As set forth in detail below, Defendant's ongoing campaign of infringement and interference suggests a deliberate pattern of bad faith and has caused, and will continue to cause, HMP irreparable harm.

## SUBJECT MATTER JURISDICTION

1. Plaintiff HMP Omnimedia, LLC is an independent subsidiary of HMP Communications, LLC, a Pennsylvania limited liability company located at 70 East Swedesford Road, Malvern, Pennsylvania, 19355.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant is a citizen of the Commonwealth of Pennsylvania.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the federal causes of action alleged in this Complaint.

4. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

## PERSONAL JURISDICTION

5. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of the Commonwealth of Pennsylvania.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). Defendant is incorporated in the Eastern District of Pennsylvania; the claims alleged in this action arose in the Eastern District of Pennsylvania; and Defendant transacts business in the Eastern District of Pennsylvania.

## THE BUSINESS OF HMP

7. Plaintiff is a leading force in the healthcare communications industry, offering a comprehensive range of events, educational resources, and market insights, all with the goal of enhancing patient care.

8. Plaintiff collaborates with top-tier experts worldwide to organize over 450 events each year, deliver medical strategies, and provide marketing services for pharmaceutical clients, creating a global network of nearly two million healthcare professionals across 600 specialties.

9. Defendant worked for Plaintiff approximately 22 years, most recently employed as Senior Vice President for the Wound Care Division for Plaintiff until departing in or about January 2022.

10. Spanning his 22 years of employment as a senior executive, Defendant played a critical role in developing policy and practice relating to Plaintiff's developments in the Wound Care industry.

11. During his tenure, Defendant had access to Plaintiff's confidential employee and customer contact data, faculty and client databases, recruitment strategies, marketing plans, organizational charts, and other competitively sensitive operational materials.

12. Defendant was particularly knowledgeable about Plaintiff's future development plans for its brands and efforts to continue to be a leader within the Wound Care market.

## PLAINTIFF HMP'S ONGOING LAWSUIT AGAINST DEFENDANT

13. Defendant is already a named party in an ongoing lawsuit initiated by Plaintiff in the Eastern District of Pennsylvania. *See* HMP Omnimedia, LLC et al v. Wound Care People, LTD et al, Docket No. 2:25-cv-00569-JMY (the "Lawsuit"). Plaintiff's claims against Defendant in that matter concern the following issues of Defendant's unfair business practices, condensed in subparts (a-d) below for brevity:

   a. Defendant's development of a competing company – Wound Care Today, USA ("WCT-USA") – in violation of an existing non-compete agreement between Plaintiff and Defendant, and involving parties located in the United Kingdom;

   b. Defendant's solicitation of HMP's customers, vendors, faculty members, and speakers while attending HMP-sponsored events – in violation of an existing non-solicitation agreement between Plaintiff and Defendant;

   c. Defendant's solicitation of at least one employee on behalf of WCT-USA, causing that employee to resign from HMP;

   d. Defendant's misappropriation of HMP's proprietary information, infringement of HMP's intellectual property, and deliberate attempts to disrupt and damage HMP's business relationships.

## DEFENDANT'S ONGOING UNLAWFUL ACTIVITIES

14. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. After filing the Lawsuit, Plaintiff became aware of Defendant's involvement in developing the Infringing Event because he was a signatory to communications which were sent to HMP customers, faculty members and clients.

16. Upon information and belief, the Infringing Event is scheduled to be held on Wednesday, May 21, 2025, at 16 Great Valley Parkway, Malvern, PA 19355.

17. Plaintiff has not sponsored, endorsed, or authorized the Infringing Event.

18. Plaintiff has not authorized Defendant to use the 'HMP' mark, or any of Plaintiff's related intellectual property, in connection with the Infringing Event.

19. Defendant never contacted Plaintiff, formally or informally, to inquire whether such an event would be licensable or otherwise permitted by Plaintiff.

20. Upon information and belief, Defendant intentionally used Plaintiff's name, goodwill, and brand recognition to falsely suggest Plaintiff's sponsorship and/or affiliation with the Infringing Event.

21. Upon information and belief, Defendant promoted the Infringing Event to *several hundred* of Plaintiff's current and former employees, faculty members, customers, and clients.

22. Defendant unilaterally communicated to Plaintiff's current and former employees, faculty, customers, and clients regarding the Infringing Event via text message,

electronic mail, or other communication(s). True and correct copies of several of Defendant's communications regarding the Infringing Event within Plaintiff's possession are attached hereto as **Exhibit A**.

23. Defendant's false suggestion of Plaintiff's sponsorship/affiliation has, in fact, misled Plaintiff's former and current employees, faculty members, customers, and clients into believing Plaintiff sponsored the Infringing Event.

24. Defendant's direct communication with Plaintiff's employees and faculty has, in fact, caused confusion, uncertainty, and alarm regarding Plaintiff's sponsorship of and/or affiliation with the Infringing Event.

25. Upon information and belief, Defendant is using the Infringing Event as pretext to solicit Plaintiff's employees and customers and induce breach of their respective contracts with Plaintiff to join Defendant's competing venture, WCT-USA.

26. Defendant's unauthorized use of the 'HMP' mark and related ongoing attempt(s) to solicit Plaintiff's employees, faculty, clients, and customers in connection with the Infringing Event, and/or any related event(s), despite ongoing litigation, demonstrates a willful, malicious disregard for Plaintiff's business interests in violation of several federal and state laws. Accordingly, Plaintiff asserts the causes of action below.

## CAUSES OF ACTION

### COUNT I:
### Trademark Infringement Pursuant to 15 U.S.C. §§ 1051 et seq. ("Lanham Act")

27. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Plaintiff owns several valid and legally protectable trademarks for the 'HMP' wordmark, logo, and related marks ("Protected Marks"). [U.S. Federal Reg. Nos.: 5525953; 5525954; 5525955; 5525958; 5542129].

29. Defendant used the Protected Marks in connection with the Infringing Event without authorization, sponsorship, or license from Plaintiff.

30. Plaintiff has never authorized, licensed, or permitted Defendant to manufacture, display, distribute, market, promote, or otherwise make use of the Protected Marks in connection with the Infringing Event.

31. Defendant's use of the Protected Mark is intended to cause confusion, mistake, and/or deception among consumers.

32. Defendant is willfully and/or maliciously using the Protected Marks for the unlawful purpose of implying Plaintiff's sponsorship of the Infringing Event to cause confusion among HMP employees, faculty, customers, and clients.

33. Upon information and belief, Defendant's ongoing infringement of the Protected Marks is deliberate, willful, malicious, oppressive, and without regard to Plaintiff's proprietary rights.

34. As a direct and proximate result of Defendant's willful, malicious, unauthorized use of the Protected Marks, Plaintiff has suffered damages.

35. Defendant's trademark infringement, and the threat of continuing infringement has caused and will continue to cause Plaintiff repeated and irreparable injury. Especially in light of the ongoing litigation regarding Defendant's unfair competition, it is difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts.

36. Plaintiff's remedy at law is not adequate to compensate for the injuries already inflicted and further threatened by Defendant. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

37. Plaintiff is also entitled to an Order under 15 U.S.C. § 1118 that any infringing material be seized, impounded, and destroyed immediately.

38. Plaintiff is also entitled to recover Defendant's profits, attorney's fees and costs of suit, and potential treble damages for Defendant's willful and intentional use of the Protected Marks pursuant to 15 U.S.C. § 1117.

## COUNT II:
### False Designation of Origin Pursuant to 15 U.S.C. § 1125(a)

39. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendant's unauthorized use of the 'HMP' Protected Marks in connection with the Infringing Event falsely suggested Plaintiff's affiliation, approval, and/or sponsorship of the Infringing Event.

41. Defendant's unauthorized use of the Protected Marks was not incidental or nostalgic – it was for the purpose of causing confusion among HMP employees, faculty, customers, and clients.

42. Defendant's unauthorized use therefore constitutes a false designation of origin and false representation in violation of 15 U.S.C. § 1125(a).

43. As a direct and proximate result of Defendant's willful, malicious, unauthorized use of the Protected Marks, Plaintiff has suffered damages.

44. Defendant's false designation, and the threat of continuing false designation, has caused and will continue to cause Plaintiff repeated and irreparable injury. It is difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts.

45. Plaintiff's remedy at law is not adequate to compensate for the injuries already inflicted and further threatened by Defendant. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C § 1116.

46. Plaintiff is also entitled to an Order under 15 U.S.C. § 1118 that any infringing material be seized, impounded, and destroyed immediately.

47. Plaintiff is also entitled to recover Defendant's profits, attorney's fees and costs of suit, and potential treble damages for Defendant's willful and intentional use of the Protected Marks pursuant to 15 U.S.C. § 1117.

## COUNT III:
## Copyright Infringement Pursuant to 17 U.S.C. §§ 101 et seq. ("Copyright Act")

48. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. Upon information and belief, Defendant had access to a litany of Plaintiff's Copyrighted Works ("Protected Works") throughout his 22 years of employment as a senior executive.

50. Plaintiff has never authorized, licensed, or permitted Defendant to manufacture, display, distribute, market, promote, or otherwise make use of the Protected Works.

51. Upon information and belief, Defendant has engaged in the advertisement, manufacture, distribution, duplication, promotion, and/or sale of products and/or services infringing on the Protected Works, in connection with the Infringing Event.

52. Defendant's acts thus constitute infringement of Plaintiff's copyrights in violation of the Copyright Act.

53. Upon information and belief, Defendant's ongoing infringement of the Protected Works is deliberate, willful, malicious, oppressive, and without regard to Plaintiff's proprietary rights.

54. Especially in light of the history between the parties and current ongoing Lawsuit regarding Defendant's unfair competition, Defendant's copyright infringement has caused and will continue to cause Plaintiff to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to its Protected Works and has damaged Plaintiff's business

reputation and goodwill, diverted its trade, and caused loss of profits, all in an amount not yet determined.

55. Plaintiff is entitled to receive the profits made by Defendant from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, under 17 U.S.C. § 504(c), Plaintiff is entitled to recover statutory damages, on election by Plaintiff, in an amount of up to $150,000 for each copyrighted work sold, offered for sale, and/or distributed.

56. Defendant's copyright infringement, and the threat of continuing infringement, has caused and will continue to cause Plaintiff repeated and irreparable injury. It is difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts.

57. Plaintiff's remedy at law is not adequate to compensate for the injuries already inflicted and further threatened by Defendant. Therefore, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502 and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing materials of the Copyrighted Works be seized, impounded, and destroyed.

### COUNT IV:
### Misappropriation of Trade Secrets Pursuant to 12 Pa.C.S.A. §§ 5301 et seq. Pennsylvania Uniform Trade Secrets Act ("PUTSA")

58. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. Plaintiff owns and continues to develop extensive proprietary business information, including confidential employee and customer contact data, faculty and client

databases, recruitment strategies, marketing plans, organizational charts, and other competitively sensitive operational materials (collectively, "Trade Secrets").

60. Plaintiff's Trade Secrets derive independent economic value from not being generally known to the public or competitors in the industry.

61. Plaintiff has taken reasonable measures to maintain the confidentiality of its Trade Secrets, including but not limited to maintaining secure electronic access, employee confidentiality agreements, and policies and procedures regarding internal and external dissemination of said Trade Secrets.

62. Defendant, throughout his 22 years of employment and senior executive role with Plaintiff, had ample access to and acquired knowledge of these Trade Secrets under circumstances giving rise to a duty of confidentiality and non-disclosure.

63. Upon information and belief, Defendant specifically utilized confidential employee contact lists and internal messaging materials to contact Plaintiff's current employees in direct connection with his promotion of the Infringing Event.

64. Defendant further misappropriated these Trade Secrets to target and solicit Plaintiff's employees, faculty, customers, and clients in connection with the Infringing Event to lure Plaintiff's key contacts to Defendant's competing venture.

65. Plaintiff is thus entitled to actual damages resulting from Defendant's misappropriation pursuant to 12 Pa.C.S.A. § 5304(a), exemplary damages in an amount not exceeding twice the actual damages for willful and malicious appropriation pursuant to § 5304(b), and attorneys' fees pursuant to § 5305.

66. The current extent of Defendant's use of Plaintiff's Trade Secrets is unknowable and it is difficult to ascertain the amount of money damages that would afford Plaintiff adequate relief at law for Defendant's acts and continuing acts.

67. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including the loss of confidential information, disruption to employee and customer relationships, and damage to Plaintiff's goodwill.

68. Plaintiff is therefore entitled to injunctive relief to prevent any actual threatened misappropriation pursuant to 12 Pa. C.S.A. § 5303(a).

## COUNT V:
## Tortious Interference with Contractual Relations

69. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 68 of this Complaint as though fully set forth herein.

70. At all relevant times, Plaintiff had valid and enforceable employment contracts and other agreements with individuals contacted by Defendant in connection with the Infringing Event.

71. By virtue of his former senior executive role and access to internal personnel records, Defendant had direct knowledge of these agreements, their material terms, and the identities of Plaintiff's employees and faculty members.

72. Defendant's organization of the Infringing Event represents another calculated, pretextual attempt for Defendant to abuse Plaintiff's goodwill and Trade Secrets, with the

ultimate intention to steal Plaintiff's current employees, faculty, and clients away from Plaintiff.

73. Defendant's actions were not only calculated to disrupt contractual relationships but were maliciously designed to destabilize Plaintiff's workforce, undermine internal cohesion, and inflict reputational harm.

74. As a direct and proximate result of Defendant's intentional interference, Plaintiff has suffered substantial damages, including but not limited to the actual or imminent employee attrition, reputational damage, and loss of goodwill.

75. Plaintiff is therefore entitled to adequate monetary relief for any and all actual damages, including punitive damages for Defendant's malicious misconduct. To the extent monetary damages are difficult to ascertain, Plaintiff is entitled to an injunction prohibiting Defendant from soliciting and/or otherwise contacting *each* individual, employee, faculty member, entity, customer, and/or client contacted in connection with the Infringing Event for an indefinite period of time in light of the willful nature of Defendant's actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant, and award the following relief:

(1) Preliminary and Permanent Injunctive Relief enjoining Defendant, and all persons acting in concert and/or participation with Defendant, from:

    a. Hosting, preparing, organizing, promoting, marketing, or otherwise participating in the Infringing Event described herein;

  b. Using Plaintiff's Protected Marks or related trademarks, trade dress, copyrighted materials, or any confusingly similar designations in any manner, in connection with any event, product, or service;

  c. Engaging in any other activity that is likely to cause confusion, mistake, or deception among third parties as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's activities by Plaintiff;

  d. Possessing, using, disclosing, or misappropriating Plaintiff's trade secrets, specifically Plaintiff's confidential employee and customer data;

  e. Directly or indirectly soliciting, inducing, or encouraging Plaintiff's employees to terminate their employment or breach any existing contractual obligations with Plaintiff;

(2) Ordering Defendant to deliver up for destruction all materials, including physical and digital media, bearing Plaintiff's trademarks or copyrighted works or any substantially similar variations thereof;

(3) Ordering Defendant to issue a written retraction to each and every individual Defendant contacted in connection with the Infringing Event;

  a. Alternatively, in the event the Infringing Event occurs despite the filing of this Complaint: Ordering Defendant to preserve and provide a complete and comprehensive list of individuals in attendance at the Infringing Event, and any and all written materials from the Infringing Event including but not limited to any promotional material(s), brochure(s), pamphlet(s), receipt(s);

(4) Awarding Plaintiff any and all actual damages sustained as a result of Defendant's unlawful activities; any and all profits derived by Defendant from the Infringing

Event; any and all statutory damages for trademark and copyright infringement, including enhanced damages for willful infringement under 15 U.S.C. § 1117(b) and 17 U.S.C. § 504(c)(2); any and all compensatory damages in an amount to be determined at trial, including but not limited to damages for lost profits and business opportunities, costs incurred in employee retention, harm to Plaintiff's reputation, and/or damages permitted by the supplemental state claims alleged herein, as applicable;

(5)     Awarding Plaintiff punitive damages for Defendant's intentional, malicious, and egregious misconduct;

(6)     Awarding Plaintiff its attorneys' fees, costs of suit, and other expenses incurred pursuant to applicable law, including 15 U.S.C. § 1117(a) and 17 U.S.C. § 505 and/or fees and expenses permitted by the supplemental state claims alleged herein;

(7)     Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

*Michael Miller*

MICHAEL R. MILLER, ESQUIRE
Attorney I.D. No. 306904
The Curtis Center
170 S. Independence Mall West – Suite 400E
Philadelphia, Pennsylvania 19106-3337
Telephone:     215-931-5808

Date: May 21, 2025                           Email:          mmiller@margolisedelstein.com

16